**E-FILED**
Monday, 25 October, 2010 03:04:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| | : | **Case No 4:10-cv-04052** |
| **BETHANY LOWE DESIGNS, INC., an Illinois Corporation,** | : | |
| | : | **HON. MICHAEL M. MIHM** |
| **Plaintiff,** | : | **Magistrate Judge Hon. John A. Gorman** |
| | : | |
| **ESC TRADING COMPANY, INC., An Ohio Corporation** | : | |
| | : | **MOTION OF DEFENDANTS ESC TRADING COMPANY, INC. AND EMIL COLUCCI FOR CHANGE OF VENUE** |
| **EMIL COLUCCI, an individual** | : | |
| **Defendants,** | : | |

## MOTION

### FACTUAL BACKGROUND

Plaintiff, Bethany Lowe Designs, Inc. an Illinois corporation, with its principal place of business located in Osco, Illinois, has filed the above action against Defendants, ESC Trading Company, Inc. a corporation organized and existing under the laws of the State of Ohio, with its principal place of business of 2177 Westbelt Drive, Columbus, Ohio and against Defendant, Emil Colucci, an Ohio resident residing at 6480 Ganton Place, Westerville, Ohio. (See Paragraphs 1, 2 and 3 of Plaintiff's Complaint).

Plaintiff's Complaint alleges that "venue is proper in this judicial district pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b)(2).

Defendants raised, as an affirmative defense, improper jurisdiction in their Answer filed September 27, 2010. (See the Eleventh Defense, Paragraph 90).

### STATUTORY BASIS

**A. 28 U.S.C. §1400(a): Patents and copyrights, mask works, and designs**

**(a)** Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

**B. 28 U.S.C. §1391(b)(2): Venue generally**

**(b)(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

Plaintiffs overlook the statutory requirement of venuing this action in a jurisdiction district where any Defendant resides if all Defendants reside in the same state. [28 U.S.C. §1391(b)(1)].

**MOTION TO CHANGE VENUE**

Defendants respectfully move the Court for an Order transferring this case to the U.S. District Court, for the Southern District of Ohio, located in Columbus, Ohio, for the reasons setforth below.

1. All of the allegations of the Plaintiff and all of the conduct alleged as a basis for Plaintiff's multiple claims, if they in fact occurred, occurred in the Southern District of Ohio and would be within the jurisdiction of the Federal Court located in that district.
2. U.S. Code §1400(a) designates that civil actions relating to copy rights maybe instituted in the district in which the Defendant or his agent may be found. Both Defendants named in Plaintiff's Complaint reside, have their principle place of business and conduct business from within the Southern District of Ohio.
3. U.S. Code §1391(b)(2) designates proper venue in a judicial district in which a substantial part of the events giving rise to the claim occurred or a substantial part of the property which is the subject of the action is situated. If proven to be true, the events upon which Plaintiff's actions rely all occurred within the Southern District of Ohio. If infringement is proven to have occurred, which Defendants deny, the infringing items of property are located at the principle place of business of the Defendant, ESC Trading

Company, Inc., which is located as alleged in Plaintiff's Complaint at 2177 Westbelt Drive, Columbus, Ohio and is within the jurisdiction of the Federal Court located in the Southern District of Ohio.

4. There exists no allegation in Plaintiff's Complaint under any of the multiple counts that any of the conduct of the Defendants which forms the basis of Plaintiff's Complaint occurred within the jurisdiction of the Federal Court located in the Central District of Illinois. In fact, only Plaintiff's principle place of business has any connection with the State of Illinois and none of Plaintiff's allegations has any connection or relationship with any events which occurred within the Central District of Illinois.
5. The substantial, if not all of the significant evidence and access thereto, is located within the Southern District of Ohio.
6. The majority of witnesses are located in the Southern District of Ohio. No other witnesses except Plaintiffs, are found within the Central District of Illinois.

Based on the allegations contained in Plaintiff's Complaint and the statutory authority setforth above, Defendants respectfully move the Court for an Order dismissing this action and assessing costs, or in the alternative, transferring this action to the Federal Court located in the Southern District of Ohio, Columbus, Ohio.

**FORUM NON CONVENIENS**

Applicable to this Motion is the concept of forum non conveniens.

The doctrine of forum non conveniens is committed to the sound discretion of a court which may be employed pursuant to its inherent powers to achieve the ends of justice and convenience to the parties and the witnesses.

The doctrine is consistent with and does not conflict with either the content or purpose of the Federal Statutes relating to proper venue.

While each decision applying the doctrine to the particular facts of each individual case must be applied with some flexibility, each case turns on its own specific factual basis. Generally, the factors to be considered are divided into two (2) categories: the private interest of the litigants and factors of public interest involving the courts and the citizens of the forum. Important private interests include the relative ease of access to sources of proof; availability of compulsory process for attendance of witnesses; costs; access to evidence; and the consideration of all other practical problems that make the trial of a case easy, expeditious and inexpensive. There is also the consideration of the ease of enforceability of a judgment, if one is obtained. The central purpose and central consideration of any forum non conveniens inquiry is to ensure that the trial is convenient to all parties involved.

Public interest factors require the Court to determine administrative issues that an improperly venued action may cause to its docket and its impact on the Court's administrative process including the involvement of jurors.

It is incumbent on the Court to consider all relevant public and private interest factors and to balance these factors in a reasonable and appropriate manner.

In considering a decision in apply the doctrine, the Court must determine whether or not the Central District of Illinois is first, a proper venue under the applicable Federal Statutes. If it is not, the Court's analysis can cease and the action can be dismissed or transferred. If the Court wishes to extend its analysis to include a concept of forum non conveniens, then the Court must consider whether or not its district is or is not a convenient forum; whether there is no other convenient venue; and finally, whether there exists a more convenient place for trial in another district that, taking into consideration all of the factors presented, whether the action should be transferred to that district.

It is important to note that while Plaintiff's counsel has offices located in Chicago, Illinois, primary counsel and apparent trial counsel is located in San Diego, California. The location of this action in its proper venue will not impose any greater inconvenience on primary counsel if it is properly venued under the appropriate Federal, statutory authorities.

Based on the specific allegations setforth in Plaintiff's Complaint and the location of the litigants, and provided that the Court does not find Defendants' statutory venue arguments applicable, Defendants respectfully moves the Court for an order applying the doctrine of forum non conveniens in transferring this case to the Southern District of Ohio.

Respectfully Submitted:

Co-Counsel for Defendants ESC
Trading Company and Emil Colucci

*/s/ Tammy L. Browning-Smith*
Tammy L. Browning-Smith
(OH 0072999)
Law Offices of
Tammy L. Browning-Smith P.C.
1126 Meadowbrook Drive
Amherst, OH 44001
Telephone (440) 984-0191
Facsimile (734) 418-2751
tammy@browning-smith.com

Co-Counsel for Defendants ESC
Trading Company and Emil Colucci

*/s/ Barry Wolinetz*
Barry Wolinetz
(OH 0019270)
Wolinetz Law Offices, LLC

250 Civic Center Drive, Suite 100
Columbus, Ohio 43215
Telephone (614) 341-7775
Fax (614) 341-7888
bwolinetz@wolinetzlaw.com