UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Bethany Lowe Designs Inc., )
                 Plaintiff )
                  )
  v. )   Case No. 10-4052
                  )
ESC Trading Co. and Emil Colucci, )
                 Defendants )

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is Defendants' motion to change venue (#11). As stated herein, the motion is **DENIED**.

This is a copyright infringement action. Plainttiff Bethany Lowe Designs, has its principle place of business within the Central District of Illinois. Defendant ESC Trading Company ("ESC") has its principle place of business in Ohio. Defendant Emil Colucci is a citizen of Ohio. In their Answer (#8), the Defendants raised the defense of improper venue. They now ask this Court to transfer this case to Ohio, on the grounds that (1) the conduct involved occurred in Ohio; (2), the Defendants are both from Ohio; (3) evidence and witnesses are located in Ohio. In addition, Defendants rely on the doctrine of *forum non conveniens*.

**STATUTORY VENUE**

Venue is proper (1) in the district in which the defendant or his agent resides or may be found, 28 U.S.C. 1400(a); (2) in a district where any defendant resides, if all defendants reside in the same State, 28 U.S.C. 1391(b)1); (3) in the district in which a substantial part of the events or omissions giving rise to the claim occurred, 28 U.S.C. 1391(b)(2); or (4) in the district in which a substantial part of property that is the subject of the action is situated, 28 U.S.C. 1391(b)(3).

For venue purposes, a corporate defendant is deemed to "reside" in any judicial district where it is subject to personal jurisdiction at the time an action is commenced. 28 U.S.C. 1391(c). ESC Corporation has admitted that it transacts business within the Central District of Illinois. (Answer ¶ 8). This is sufficient to show that this Court has personal jurisdiction over the corporate defendant.

The same cannot be said for Defendant Colucci, who has denied that he transacts any business here. (Answer ¶ 8). There is nothing in the complaint or in the Plaintiff's response to this motion that specifically alleges any contact between Colucci and this District. Many of the allegations of wrongful conduct complain about "defendants" without being specific about who did what. The complaint contains not one allegation that is specifically against Colucci.

Had Colucci's motion been a motion to dismiss for lack of personal jurisdiction, this case would be in a different posture. But that is not what is before the Court. Colucci has filed no such motion, nor did he raise personal jurisdiction as a defense in the Answer. Failure to challenge personal jurisdiction constitutes a waiver of that defense. Fed.R.Civ.P. 12(h)(1). In the absence of a lack of personal jurisdiction, Colucci has no basis for challenging the propriety of venue here.

There are other bases for finding that venue is proper in this District. Plaintiff points out that the validity of its copyright and the ownership of the copyright to the works at issue in this litigation are contested issues. See Answer, ¶ 19,20,42,43 and 86. Those issues, along with issues of damages to Plaintiff from any infringement that might ultimately be proved will be resolved by reference to conduct that occurred here and evidence that is found here. Venue would thus be proper under either 28 U.S.C. 1391(b)(2) or (b)(3).

So venue is proper in the Central District of Illinois. That said, venue can, of course, be proper in more than one District, and it is entirely possible - here, it is not even disputed - that venue

in the Southern District of Ohio is also proper. But Defendants' efforts to show that venue is proper in the Southern District of Ohio do nothing to negate the propriety of venue here.

**FORUM NON CONVENIENS**

In Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007), the Supreme Court limited the common law doctrine of *forum non conveniens* to cases in which the alternative forum is not in the United States and in "rare instances" where a non-federal court would better serve the interests of the particular litigation. Id. at 430. Neither situation applies here. The common law doctrine cannot be used to justify a transfer from one federal court to another.

Statutory *forum non conveniens* was codified in 28 U.S.C. 1404(a). In order to meet the standards of this statute, the Court must determine that (1) transfer will enhance the convenience of the parties and witnesses and is in the interests of justice ("convenience factors") and (2) the proposed transferee district is one in which the action might have been brought originally. See, Van Dusen v. Barrack, 376 U.S. 612, 615 (1964): Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986). As noted above, the second factor is not a consideration in this case.

The burden is on the moving party to establish "by reference to particular circumstances" that the other forum is more convenient. Id. at 219. Id. A showing that another district court might be "as convenient" is insufficient to meet the burden. Id. Where the parties each reside in different states, there is no choice of forum that will avoid imposing inconvenience on one or the other, and "the tie is awarded to the plaintiff." In re Nat'l Presto Industries, Inc., 347 F.3d 662, 665 (7th Cir. 2003). Defendants' motion contains no reference at all to any particular circumstances. It is limited to general conclusory statements that are not supported at all. In fact, the section of the motion dealing with *forum non conveniens* contains not a single reference to any case law or statute. There has been no showing at all that Ohio is a *more* convenient forum. At best, Ohio and Illinois are

equally inconvenient. That conclusion does not support transfer.

The "interest of justice" analysis may be determinative in a particular case, even in the face of a different result in determining convenience. This analysis relates to efficient administration of the court system. Issues such as speedy trials, consolidation, and familiarity with governing law are factors relevant to this analysis. Coffey v. Van Dorn Iron Works, 796 F.2d at 221. This aspect of the so-called convenience factors seems to have little relevance in this case. Either federal court is capable of applying copyright law, and the other issues have no applicability in this Court.

Plaintiff's choice of forum is entitled to significant weight, and unless the balance is strongly in favor of a different forum, that choice "should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); quoted in Nat'l Presto Industries, Inc., 347 F.3d at 664. Here, the balance has not been shown to strongly favor the Southern District of Ohio. The motion to transfer venue [#11] is accordingly DENIED.

ENTERED ON January 14, 2011

                                                   s/ John A. Gorman

                                             JOHN A. GORMAN
                                     UNITED STATES MAGISTRATE JUDGE